Walter R. Hart, J.
In this article 78 proceeding petitioners seek an order directing the respondents to transfer petitioner Maurer from her present school to a school near her home and to pay her salary as a regular teacher from September 1, 1964 until she is actually transferred to a new school, without deduction for her absence during such interval. Petitioners also seek an order directing the respondent .Superintendent of Schools to proceed without delay to conduct a third-stage hearing of a grievance appeal by petitioner Maurer and to permit said petitioner to be represented at such hearing by a representative of the petitioner City Teachers’ Association of New York (N. E. A.) (hereinafter called CTA),
*14 Since September, 1958 petitioner has been serving as a teacher in Public School 212, Brooklyn. Philip Kaplan has been its principal since September, 1959. In March, 1962 the principal requested that petitioner be given a physical and medical examination. In April, 1962 petitioner instituted an article 78 proceeding against the .Superintendent of Schools and the Board of Education to cancel and withdraw all orders issued requiring the petitioner to submit herself to physical and medical examination. Petitioner was .successful in the proceeding and the order issued therein prohibited the respondents from taking any punitive measure against her for failure to submit herself to examination by a psychiatrist employed by the Board of Education.
Petitioner asserts that, in violation of the order, Mr. Kaplan and the Assistant Superintendent of the district embarked on a vindictive campaign of harassment against her by excessive observation and supervision; that on March 16, 1964 pursuant to the grievance procedure provided for .in an agreement entered into by the Board of Education and the United Federation of Teachers (hereinafter called UFT) petitioner instituted a grievance procedure by filing with Mr. Kaplan her complaint wherein she set forth her grievances; that Mr. Kaplan refused to adjust these grievances and he denied her complaint; that thereafter as a second stage in the grievance procedure she appealed from the decision to the Assistant Superintendent of the district; that after a hearing the latter denied the grievance, stating that in her opinion petitioner was not being discriminated against by excessive formal observation and failure to give her notice of intention to make a formal observation; that as a third stage in the grievance procedure petitioner on May 18, 1964 submitted an appeal from the last decision to the Superintendent of Schools; that on June 10,1964 the date of the appointed hearing petitioner appeared and requested representation by a staff member of CTA, who was then present, since the UFT representative who was listed as petitioner’s representative for this stage of the grievance hearing informed petitioner that he would not be available to represent her at the hearing; that in view of the agreement between the Board of Education and UFT the petitioner’s right to have a member of CTA represent her was questioned; that the hearing was adjourned and on June 17,1964 petitioner was informed by the Board of Education that since the issue with respect to her representation by the CTA involved interpretation of recent legislation the matter was being referred to appropriate officials for determination of the legality of the request and accordingly pending such deter- *15 ruination the hearing was postponed until a future date; and that as yet no hearing has been held.
Petitioner further asserts that pursuant to a circular issued by the Acting Associate Superintendent of Schools in charge of the Division of Personnel she filed an application for a transfer out of Public School 212 to one of a number of Brooklyn schools including Public School 197; that this application was denied; that pursuant to respondent’s transfer regulations she filed on May 20, 1964 a “hardship application” for a transfer basing the same on the grievances set forth in the previous paragraph; that in response she received a letter stating that no transfer can be considered until petitioner’s grievance had been resolved: that thereafter petitioner and her attorney wrote to the Acting Associate Superintendent of Schools in which repeated requests for the transfer were made and in which it was asserted that regardless of the outcome of the appeal the atmosphere and the working conditions at Public School 212 have become and will continue to be unbearable; that petitioner was informed again on September 11, 1964 that her application could not be considered until her grievance appeal had been decided; that thereafter petitioner wrote to the Superintendent of Schools in which the foregoing was set forth and the request was made that petitioner be assigned to a school within reasonable distance from her home; that no reply was received; that petitioner has boon ready, willing and able to resume her services as a teacher; and that respondent’s failure to grant her a transfer was arbitrary, capricious, unjust and illegal.
UFT has intervened in the proceeding. It asks for a dismissal of the first cause of proceeding in which Maurer seeks an order directing the respondent to transfer her and to pay for the time she had not worked. It also seeks an order directing the Superintendent of Schools to proceed with the third stage herein but that such hearing be conducted in accordance with the provisions of the collective bargaining agreement between UFT and the Board of Education.
UFT is the duly designated exclusive bargaining agent of classroom teachers. An agreement adopted as a result of collective bargaining exists between it and the Board of Education. Article 6 thereof provides for a procedure for the adjustment of grievances. Under it a teacher is permitted personally to present her grievances or to select a classroom teacher or a representative of UFT to represent her at the various stages of the grievance procedure. She may however not select as a representative an officer or executive board member, delegate, *16 representative or agent of a minority organization, other than UFT, which exists for the purpose of dealing with school officials for the improvement of working conditions or the handling of grievances of employees in the bargaining unit. It also provides that nothing contained in the article should be construed to deny any teacher her rights under section 15 of the Civil Eights Law, the Education Law or under any applicable civil service laws and regulations.
The provision with respect to representation has been previously attacked by CTA ias illegal and void in a proceeding before the Commissioner of Education of the State of New York (’Case No. 7262, 8/13/63). It was urged by CTA that by virtue of the enactment in 1962 of article 16 of the General Municipal Law and section 603 thereof (now § 683) every public employee had the right to be represented by a person of Ms own choosing. The Commissioner of Education held on the basis of Civil Serv. Forum v. New Yorh City Tr. Auth. (4 A D 2d 117, affd. 4 N Y 2d 866) that the provision was valid and that section 683 of the General Municipal Law did not supplant the purport of the aforesaid case, since the section merely provides for ,the right to be represented at all stages of the grievance procedure and does not provide the right to be represented by a person of the employee’s own choosing.
In 1964 anew section, 603-a, was added to article 16 of the General Municipal Law (such section should properly be renumbered to section 683-a since sections 601 to 605 were renumbered 681 to 685 respectively by the Laws of 1964, ch. 266, § 21). It provides as follows: “ Every public school teacher shall have the right to present his grievance to his employer in accordance with the provisions of this article, free from interference, coercion, restraint, discrimination or reprisal, and the grievance procedure established under this article shall provide the right to be represented at all .stages thereof and the representative shall be designated by the public school teacher at the time he presents his grievance or at a subsequent date.” (Italics supplied.)
It is urged by the petitioners that now this section gives the public school teacher the right to select as a representative a person of his own choosing and accordingly petitioner Maurer has the right to be represented by an agent of CTA regardless of the collective bargaining agreement between UFT and the Board of Education. UFT, on the other hand, although not disputing petitioner’s claim that a teacher may choose his own representative, asserts that the clause in the collective bargaining agreement does not deprive the employee of the basic *17 right which the Legislature sought to confer but merely prevents the employee from delegating a person who is an agent of a minority organization and that such limited restriction is consonant with the policy of the act “ to establish a more harmonious and cooperative relationship between government and its public employees In this regard UFT points to Civil Serv. Forum v. New York City Tr. Auth. (4 A D 2d 117, affd. 4 N Y 2d 866, supra) to brace its position.
There the court held that under the broad powers conferred upon the Transit Authority it had a right to limit the representation of employees in its grievance procedure to the labor organization which has received the majority votes of a particular unit to avoid being harassed by employees who might shop from one union to another in an attempt to gain support in the presentation of grievances and in the interest of efficiency of processing and determining grievances which are presented. In explanation of the above reasons the Appellate Division stated (p. 127): “Neither is there merit in the argument that an employee may not be deprived of his right to designate a representative or a minority union to prosecute his grievances. We are referred to no statute in this State, applicable to governmental employees * * * that ‘ any individual employee or a group of employees shall have the right ’ to present grievances to their employer.” The above case was decided prior to the enactment of article 16 of the General Municipal Law and dealt specifically with the employees of the Transit Authority, a public benefit corporation and not a “ government.” It seems to me that under section 603-a [683-a] a public school teacher has not only a right but also an unlimited right to designate any person of her own choosing to represent her at all stages of a grievance procedure. No restriction as to representation is set forth in the statute and there is nothing therein to imply or to logically infer that any limitation is intended. Where a statute grants a power it carries with it by implication everything necessary to its enjoyment or exercise (Mayor etc. of City of N. Y. v. Sands, 105 N. Y. 210). To restrict or limit such power where there is no restriction or limitation in the statute is an invasion of the right to enjoy or exercise the power.
UFT in any event urges that article 16 of the General Municipal Law is not applicable herein since its applicability is limited to governments (1) which do not voluntarily establish grievance procedures, and (2) which are outside of the limits of New York City. There is no substance to either of the branches of the argument. The article is made applicable to *18 all ‘ ‘ governments ’ ’ as defined therein and it allows each government to enact by October 1, 1963 its own two-stage grievance procedure; and if such procedure is not established, the government will be required to adopt the grievance procedure in the form prescribed by the article. Nothing in the article indicates that section 603-a [683-a] is limited in applicability to those procedures established after October 1, 1963 nor is the article limited to governments outside of the City of New York. Under section 682 thereof “government” is defined as “ any county, city, town, village, school district, or other political subdivision in this state having one hundred or more full-time employees, except the city of New York” (emphasis supplied). Under this definition only the City of New York as distinguished from the City School District of New York which is represented by the Board of Education, is excepted from the provisions of the article. It would appear that had the Legislature intended to exclude all “ governments ” located in the City of New York it would have utilized the words “ outside of ” in lieu of the word “ except ”.
UFT finally urges that section 603-a [683-a] is unconstitutional for it is a private or local bill granting exclusive and unwarranted privilege to such a class. This argument also has no merit. It is well settled that a statute need not apply to all persons in the State in order to be deemed general in nature (Matter of Cutler v. Herman, 3 N Y 2d 334). In order to be deemed general it must create a class (Farrington v. Pinckney, 1 N Y 2d 74) and not relate to particular persons of the class (Matter of New York El. R. R. Co., 3 Abb. N. C. 401). Furthermore, the statute affects the welfare of the State as a unit answering a public need and not a private demand. Article 16 of the General Municipal Law was enacted for the purpose of establishing a more harmonious and co-operative relationship between a government and its public employees (§ 681). Under section 683 all public employees were given the right to representation in grievance procedures. In pursuance thereof an Executive Order issued by the Governor of the State of New York on August 30, 1963 specifically directed that the employees shall be entitled in the presentation of a grievance to representatives of their own choosing. However, prior to the Executive Order, the Commissioner of Education of the State of New York determined that the public school teacher was not entitled to choose a representative. It is obvious that section 603-a [683-a] was enacted for the purpose of allowing the public school teacher the same right as that granted to all public employees and for the purpose of fulfilling the aims *19 of reaching a harmonious relationship between government and its public employees.
Accordingly, it is my view that petitioner Maurer had the right .to have at the hearing scheduled before the Superintendent of Schools a representative of the CTA to advance her grievance. In this respect the petition is granted. The respondent is directed to proceed within 10 days after the service of the order to be entered herein with the third stage hearing of the petitioner’s grievance appeal and to permit said petitioner to be represented at such hearing by a representative of CTA.
Turning now to the portion of the petition where it is sought to compel petitioner Maurer’s transfer to another school and to have her reimbursed for the time spent awaiting transfer, I find no basis, especially under the circumstances herein, for determining that the respondent acted in an arbitrary, capricious or illegal manner. The foundation of Maurer’s 1‘ hardship transfer ” rested upon the same claim pending in her grievance appeal — that is — the campaign of harassment against her. Whether or not such hardship existed could not properly be determined by the Acting Associate Superintendent of Schools without the information which would naturally be developed in the grievance appeal. Under such circumstances it would seem to me that the respondent did not act arbitrarily or illegally in deferring consideration of the transfer until after the determination of the third stage of the appeal. This portion of the proceeding is accordingly dismissed, however without prejudice to petitioner instituting such proceeding as she may be advised after the determination of her grievance appeal.